IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT
EASTERN DIVISION

| | |
|---|---|
| BECKY WHITTINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12 C 4361 |
| ) | |
| EQUABLE ASCENT FINANCIAL, LLC, ) | |
| a Delaware limited liability company, and ) | |
| WELTMAN, WEINBERG & REIS CO., L.P.A. ) | |
| an Ohio limited professional association, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM ORDER

This recently-brought action under the Fair Debt Collection Practices Act has been assigned at random to this Court's calendar. Counsel for plaintiff Becky Whittington, a Missouri citizen, is well aware of the dim view this Court takes of such actions when their only meaningful connection to this forum is the location of counsel's offices, with all of the efforts at debt collection having emanated from other states and being directed to the plaintiff at his or her residence elsewhere.[1]

But in this instance Complaint ¶ 4 alleges as to one of the two defendants:

> From its offices in Buffalo Grove, Illinois, Equable operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

If that allegation denotes Buffalo Grove as the location of co-defendant Equable's hub, this Court's area of concern identified at the outset is not present. This Court is accordingly ordering its customary initial status hearing, at which time it would expect to inquire into the validity of the premise referred to in the preceding sentence.

_____
Milton I. Shadur
Senior United States District Judge

Date: June 11, 2012

---

[1] This should not be misunderstood as a view disfavoring the statute itself, which this Court considers a commendable effort by Congress to curb undesirable practices in this area of activity.